UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUBIGES LOPEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>MARTIN BANS,<br><br>  Defendant. | No. 1:16-CV-00340-DAD-JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND AND DENYING DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. Nos. 9, 15) |

This matter is before the court on plaintiff's July 5, 2016 motion to amend the complaint and on defendant's June 1, 2016 motion to dismiss. (Doc. Nos. 9, 15.) For the following reasons, the court will grant plaintiff's motion to amend and deny defendant's motion to dismiss.

FACTUAL BACKGROUND

On March 9, 2016, plaintiff filed a complaint naming Martin Bans as the defendant. (Doc. No. 1.) Therein, plaintiff asserts one cause of action under 42 U.S.C. § 1983, alleging violation of his First Amendment free speech rights. (*Id.*) Plaintiff seeks economic and non-economic damages, punitive damages, and attorney's fees and costs. (*Id.* at 10–11.)

On June 1, 2016, defendant filed a motion to dismiss plaintiff's complaint. (Doc. No. 9.) On June 26, 2016, plaintiff filed a First Amended Complaint ("FAC"). (Doc. No. 12.) On June 13, 2016, the court filed an order striking the FAC as untimely under Rule 15(a)(1) of the Federal Rules of Civil Procedure. (Doc. No. 14.) On July 5, 2016, plaintiff filed an opposition to

defendant's motion to dismiss as well as another motion to amend the complaint.[1] (Doc. No. 15.) On July 12, 2016, defendant filed a reply to plaintiff's opposition and motion to amend. (Doc. No. 16.)

## ANALYSIS

In his opposition to defendant's motion to dismiss and in his renewed motion to amend, plaintiff argues that his FAC was timely filed, and that defendant's motion to dismiss should be denied as moot. (Doc. No. 15.)

Under Federal Civil Procedure Rule 15, a party "may amend its pleading once as a matter of course" if they do so "21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1). A party may also amend its pleading "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Federal Civil Procedure Rule 6 specifies the method for computing time periods specified in the rules. Under Rule 6, time periods stated in days require "count[ing] every day, including intermediate Saturdays, Sundays, and legal holidays." Fed. R. Civ. P. 6(a)(1)(B). If the last day is a Saturday, Sunday, or legal holiday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). However, when a party must act within a specified time after service and service is made under Rule 5(b)(2)(E), "3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d). Rule 5(b)(2)(E) governs service by electronic means, and specifies that service may properly be made "by electronic means if the person consented in writing—in which event service is complete upon transmission." Fed. R. Civ. P. 5(b)(2)(E).

The Local Rules of this court address service of electronic documents. Under Local Rule 135, service through the court's CM/ECF system "constitutes service pursuant to Fed. R. Civ. P.

---

[1] Although the July 5 filing is couched as an opposition to defendant's motion to dismiss, nowhere therein does plaintiff address the merits of defendant's motion. (Doc. No. 15.) Rather, plaintiff only seeks leave from the court to file a FAC. (*Id.*) Accordingly, the court has construed plaintiff's July 5 filing as a motion to amend the complaint. *See, e.g.*, *Just v. County of Nevada*, No. 2:12-cv-505-MCE-EFB PS, 2012 WL 5520437, at *1 (E.D. Cal. Nov. 14, 2012) (construing plaintiff's filing requesting leave to amend, submitted in response to defendant's motion to dismiss, as a motion to amend the complaint).

2

1    5(b)(2)(E).  Local Rule 135(a).  Attorneys registered to practice in the Eastern District are

2    considered to have consented to electronic service unless they opt out.  Local Rule 135(g).

3       Plaintiff asserts that his FAC was timely filed because under Federal Civil Procedure Rule

4    6(d), a party has three additional days if service of the triggering document is electronic.  (Doc.

5    No. 15 at 2–3.)  Since the triggering document was the defendant's electronically-served motion

6    to dismiss, plaintiffs argue, the Rule 6(d) extension should apply, rendering their FAC timely.

7    (*Id.*)

8       Defendant has replied to plaintiff's opposition and motion to amend by filing a statement

9    of non-opposition to plaintiff's motion to amend.  (Doc. No. 16.)

10      Defendant's motion to dismiss was filed and served through the court's CM/ECF system

11   on June 1, 2016.  (Doc. No. 9.)  Twenty one days from June 1, 2016, excluding the date of

12   service, is June 22, 2016.  Rule 6(d) requires an additional three days be added.  June 25, 2016

13   constitutes the requisite three calendar days.  However, June 25, 2016 was a Saturday, and is not

14   counted under Rule 6(a).  The window for filing an amended complaint as of right therefore

15   ended on June 27, 2016.  Accordingly, plaintiff's FAC, filed on June 26, 2016 (Doc. No. 12), was

16   timely and does not need court approval under Rule 6(a).  *See, e.g.*, *Fox v. County of Sacramento*,

17   No. 2:11-cv-00419 JAM-KJN, 2011 WL 4458967, at *2 n.2 (E.D. Cal. Sept. 23, 2011) (finding

18   that plaintiff's amended complaint, filed twenty five days after defendant's motion to dismiss,

19   was timely filed under Rules 15(a)(1)(B) and Rule 6(d)).  Accordingly, plaintiff's motion to

20   amend will be granted.[2]

21      Because plaintiff's FAC will supersede the original complaint that defendants have moved

22   to dismiss, defendant's motion to dismiss has been rendered moot.  *See Hughes v. Ocwen Loan*

23   *Servicing*, No. CIV S-11-1777 JAM EFB PS, 2011 WL 4374003, at *2 (E.D. Cal. Sept. 19,

24   2011).

25   /////

---

[2] Plaintiff also argues that even if the amend complaint was untimely, the court should grant leave to amend under Federal Civil Procedure Rule 15(a).  Having found that plaintiff's FAC was in fact timely filed, the court need not address plaintiff's arguments supporting the request for leave to amend.

3

## CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion to amend the original complaint, (Doc. No. 15), is granted;

2. Defendant's motion to dismiss, (Doc. No. 9), is denied as moot;

3. Plaintiff's FAC, (Doc. No. 12) is deemed filed and served as of the date of this order; and

4. Defendant shall respond to plaintiff's FAC within fourteen (14) days of this order.

IT IS SO ORDERED.

Dated: **July 20, 2016**                                     /s/ Dale A. Drozd
                                                                         UNITED STATES DISTRICT JUDGE